# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| Charles Sims, MD, and<br>Rene Casanova, MD,<br><br>Plaintiffs,<br><br>v.<br><br>Kevin Tobin and<br>Tobin & Sons Moving and Storage, Inc.,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) | 1:22CV371 |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Before the Court is Defendants Kevin Tobin and Tobin & Sons Moving and Storage, Inc.'s motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), (5), and (6). (ECF No. 11.) Because the Court finds that it lacks personal jurisdiction, the Court will grant Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), rendering the remainder of Defendants' motion moot.

## I.    BACKGROUND

Pro se Plaintiffs Charles Sims, MD, and Rene Casanova, MD, are business partners who run an art business together and who co-own a collection of artwork. (ECF No. 13-6 at 4–5.) Plaintiff Sims is a resident of North Carolina, and Plaintiff Casanova is a resident of Florida. (ECF No. 1 ¶¶ 1, 2.) Since 2004, they have stored their art collection in Massachusetts with Defendant Tobin & Sons Moving and Storage, Inc., which is a Massachusetts corporation with its principal place of business in that state. (*Id.* ¶¶ 5, 6, 9.) The other Defendant in this case, Kevin Tobin, is the CEO of Defendant Tobin & Sons Moving and Storage, Inc., and he

also resides in Massachusetts. (*Id.* ¶¶ 4, 5.) Plaintiffs initiated this case because they allege that in 2019 Defendants lost some of the artwork that was in storage in Massachusetts and then deceived insurance agents about the lost artwork so as to prevent recovery of an insurance claim.[1] (*Id.* ¶¶ 23–29.)

Though Defendants have challenged Plaintiffs' Complaint on several grounds, because one of those grounds is jurisdictional, the Court addresses its jurisdiction first.

# I. STANDARD OF REVIEW

A challenge to personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure is a question of law, and the plaintiff bears the ultimate burden of proving jurisdiction. *See Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016); *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). The Fourth Circuit has observed that the plaintiff's burden of proof "varies according to the [procedural] posture of [the] case and the evidence that has been presented to the court." *Grayson*, 816 F.3d at 268.

Where the court decides a pretrial personal jurisdiction question without conducting an evidentiary hearing—"reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint"—a plaintiff "need only make a prima facie showing of personal jurisdiction" to withstand a jurisdictional challenge. *Id.* "[A] plaintiff makes a prima facie showing of personal jurisdiction by presenting

---

[1] Because Plaintiffs are pro se, the Court "must construe [their] complaint liberally, thus permitting a potentially meritorious case to develop if one is present." *Chrisp v. Univ. of N. Carolina-Chapel Hill*, 471 F. Supp. 3d 713, 715–16 (M.D.N.C. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, pro se parties are "not free to violate the Federal Rules of Civil Procedure or this Court's [Local Rules]." *Gordon v. Phillip*, No. 21CV29, 2021 WL 7710429, at *1 (M.D.N.C. Aug. 31, 2021). In briefing the instant motion, Plaintiffs filed a sur-reply without seeking leave of the Court to do so. (ECF No. 17.) Under the Local Rules, "[p]arties do not have the right to file a surreply." *DiPaulo v. Potter*, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010). The Court therefore has not considered Plaintiffs' unauthorized filing. !

2

facts that, if true, would support jurisdiction over the defendant." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 561 (4th Cir. 2014) (citing *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003)). When considering whether the plaintiff has made a prima facie showing of jurisdiction, the court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.* at 558 (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).

## II.    DISCUSSION

Defendants contend that their motion should be granted because this Court lacks both general and specific personal jurisdiction over them as they are residents of Massachusetts and have done nothing that would make it fair for them to be haled into court in North Carolina. (ECF No. 12 at 3–12.) Plaintiffs do not contest that Defendants are at home in Massachusetts and the Court lacks general jurisdiction. (*See* ECF No. 13 at 2–5.) However, Plaintiffs do argue that there are facts justifying specific jurisdiction in this case. (*Id.*)

"The Due Process Clause of the Fourteenth Amendment constrains a state's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citation omitted). A federal district court can exercise personal jurisdiction over a nonresident defendant only if "(1) such jurisdiction is authorized by the long-arm statute of the state in which the district court sits; and (2) application of the relevant long-arm statute is consistent with the Due Process Clause of the Fourteenth Amendment." *Universal Leather*, 773 F.3d at 558. North Carolina's long-arm statute "permits the exercise of personal jurisdiction . . . to the outer limits allowable under federal due process." *Id.*; *Dillon v. Numismatic Funding Corp.*, 231 S.E.2d 629, 630 (N.C. 1977) (holding that, by enacting North Carolina's

3

long arm statute, the North Carolina General Assembly "intended to make available to the North Carolina courts the full jurisdictional powers permissible under federal due process"). The two-prong test, therefore, "merges into [a] single question," allowing the court to proceed directly to the constitutional analysis. *Universal Leather*, 773 F.3d at 558–59.

Under the Due Process Clause of the Fourteenth Amendment, two paths permit a court to exercise personal jurisdiction over a nonresident defendant. *Id.* at 559. One path is general jurisdiction, "which permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit." *Walden*, 571 U.S. at 283 n.6. The other path is specific jurisdiction, which "depends on an 'affiliatio[n] between the forum and the underlying controversy.'" *Id.* (alteration in original) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

Because Plaintiffs bear the burden of making a prima facie showing of personal jurisdiction and do not contend that there is general jurisdiction over Defendants, the Court will address only specific jurisdiction.

Defendants advance several reasons why this Court lacks specific jurisdiction, including that Plaintiffs' Complaint does not contain factual allegations that establish that Defendants purposefully availed themselves of the privilege of conducting business in North Carolina. (ECF No. 12 at 9.) Plaintiffs respond by alleging a handful of facts in their brief that they argue show Defendants did purposefully avail itself of themselves privilege of conducting business in North Carolina.[2] (ECF No. 13 at 2–4.) Plaintiffs also argue that Defendant Tobin

---

[2] Plaintiffs inconsistently refer to actions of "the Defendant" and "Defendants." (*See, e.g.*, ECF No. 13 at 3 ("the Defendant has purposefully availed himself or herself of the benefits of the State"); *id.* ("[t]he Defendants function similar to Microsoft or Amazon"). The Court liberally construes Plaintiffs as referring to the two Defendants collectively whenever they use the singular "Defendant" unless Plaintiffs specified which Defendant they meant to refer to.

& Sons Moving and Storage, Inc., is subject to specific jurisdiction based on Yahoo.com advertisements that it operates in all fifty states. (*Id.* at 4.) The Court finds that the facts Plaintiffs have alleged in their brief, even if true, are insufficient to show specific jurisdiction.

Specific jurisdiction requires "that the relevant conduct have such a connection with the forum state that it is fair for the defendant to defend itself in that state." *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 n.15 (4th Cir. 2009); *Universal Leather*, 773 F.3d at 559 (recognizing that the "touchstone" of the specific jurisdictional inquiry is fairness). A court may exercise specific jurisdiction when "the defendant has purposefully directed [its] activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotations and citation omitted).

The Fourth Circuit employs a three-prong test to determine whether the exercise of specific jurisdiction comports with the requirements of due process: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims [arose] out of those activities; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable." *Universal Leather*, 773 F.3d at 559 (quoting *Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 302 (4th Cir. 2012)).

The "purposeful availment" prong of the analysis "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 475 (internal quotations and citation omitted). The analysis is "flexible" and involves a case-by-case

5

consideration of several factors. *Universal Leather*, 773 F.3d at 560 (quoting *Tire Eng'g*, 682 F.3d at 302). In the business context, courts consider the following non-exhaustive list:

> (1) "whether the defendant maintains offices or agents in the forum state;" (2) "whether the defendant owns property in the forum state;" (3) "whether the defendant reached into the forum state to solicit or initiate business;" (4) "whether the defendant deliberately engaged in significant or long-term business activities in the forum state;" (5) "whether the parties contractually agreed that the law of the forum state would govern disputes;" (6) "whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship;" (7) "the nature, quality and extent of the parties' communications about the business being transacted;" and (8) "whether the performance of contractual duties was to occur within the forum."

*Id.* (quoting *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009)). Only if the court finds that the plaintiff has satisfied the purposeful availment prong does the court need to consider the remaining elements of the specific jurisdiction test. *Consulting Eng'rs Corp.*, 561 F.3d at 278.

Also, pertinent here in "the Internet context," the Fourth Circuit relies on the three-part test articulated in *ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707 (4th Cir. 2002), to determine "when it can be deemed that an out-of-state citizen, through electronic contacts, has conceptually 'entered' the State via the Internet for jurisdictional purposes." *Id.* at 713–14. In *ALS Scan*, the court held that a state can exercise jurisdiction over an out of state defendant who "(1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, [if] (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." *Id.* at 714. To prevail under this test, a plaintiff "must show that the defendant directed electronic activity into [the state] with the 'manifest intent of engaging in business or other interactions with[in] that state in particular.'" *Burleson v. Toback*, 391 F. Supp. 2d 401, 411 (M.D.N.C. 2005) (quoting *Carefirst*, 334 F.3d at 401); *Young v. New Haven Advoc.*, 315 F.3d 256, 262–63 (4th Cir. 2002) (To

6

establish purposeful availment in the Internet context, proof is required "that the out-of-state defendant's Internet activity is expressly targeted at or directed to the forum state.").

Following the foregoing framework, the Court first addresses the eight factors typically used to assess purposeful availment in the business context. Because the Court finds that none of the factors are satisfied, the Court does not proceed to the other two prongs of the three-prong specific jurisdiction test. The Court then separately addresses whether Defendant Tobin & Sons Moving and Storage, Inc.'s Yahoo advertisements create jurisdiction under *ALS Scan*.

With respect to the eight factors, six are plainly absent in this case. Plaintiffs have not alleged that Defendants have offices or agents in North Carolina, that Defendants own property in North Carolina, or that Defendants have made in-person contact with Plaintiffs in North Carolina regarding their business relationship. While Plaintiffs have alleged that the storage of their artwork with Defendants was pursuant to a contract, (ECF No. 1 ¶ 9), no party has asserted that the contract contains a choice of law provision. Further, although the Complaint frequently mentions communications between Defendants (in Massachusetts) and Plaintiff Sims (in North Carolina), it does not provide much detail about them and the detail it does provide supports that they were merely communications in furtherance of a pre-existing contract. *See Protocol, LLC v. Henderson*, 18 F. Supp. 3d 689, 701 (M.D.N.C. 2014), *as amended* (May 15, 2014) ("[A]n exchange of communications between two parties, one of whom is located in the forum state, in furtherance of a contract, will not generally constitute purposeful contact with the forum state for the purposes of jurisdiction." (quoting *WLC, LLC v. Watkins*, 454 F. Supp. 2d 426, 436–37 (M.D.N.C. 2006))). Finally, Plaintiffs do not allege that any contractual duties were to be performed in North Carolina—the artwork was stored

7

in Massachusetts and subsequently lost in Massachusetts. The absence of these six factors, none of which Plaintiffs have contested, (ECF No. 13 at 2–5), counsels strongly that Defendants did not purposefully avail themselves of the privilege of doing business in North Carolina.

However, Plaintiffs do contend in their brief that they can satisfy the long-term business activities factor and the solicitation of business factor. (*Id.* at 3.) Plaintiffs' contentions are not persuasive.

For the long-term business activities factor, Plaintiffs claim that Defendants deliberately engaged in significant or long-term business activities in North Carolina because "Tobin & Sons Moving and Storage, Inc. has had a continuous, long-term relationship with Charles Sims, MD [a North Carolina resident]." (*Id.*) Specifically, Plaintiffs argue that Defendants provided their services to Plaintiffs for over a decade, and were so integral to Plaintiffs' art business that "Defendants could be considered a defacto, passive business partner" functioning "similar to Microsoft or Amazon, providing a Cloud for data storage for hospitals." (*Id.*) Additionally, Plaintiffs claim that Defendant Tobin & Sons Moving and Storage, Inc. has a business relationship with a third-party company based in North Carolina. (*Id.* at 4.)

These allegations do not satisfy the long-term business activities factor. Although Defendants may have had Plaintiff Sims as a customer for many years, this shows only that Defendants engaged in long-term business activities with a resident of North Carolina. It does not show that Defendants engaged in long-term business activities *in* North Carolina. The minimum contacts inquiry cannot be satisfied "by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Walden*, 571 U.S. at 284. The contacts must

8

be "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 285. Thus, that Plaintiff Sims paid Defendants for many years to store Plaintiffs' property in Massachusetts does not support specific North Carolina jurisdiction over Defendants. Similarly, Defendants' business dealings with a third-party based in North Carolina (dealings which are irrelevant to this action) constitute only business with a resident of North Carolina, and not business *in* North Carolina and are therefore also insufficient to show purposeful availment in this case.

Moreover, Defendants are not Plaintiffs' "defacto, passive business partner," they are the operators of a storage facility in Massachusetts that is willing to take payments from persons from other states to store personal property in Massachusetts. Plaintiffs cannot extend North Carolina jurisdiction to reach Defendants based on their own reliance on Defendants' services in Massachusetts; this would violate the rule that "a defendant [cannot] be haled into a jurisdiction solely as a result of . . . the unilateral activity of another party." *Burger King*, 471 U.S. at 475 (internal quotations and citation omitted).

Next, for the solicitation of business factor, Plaintiffs claim that Defendants reached into North Carolina to solicit or initiate business because Kathy Tobin, a co-owner of Defendant Tobin & Sons Moving and Storage, Inc., told Plaintiff Sims in 2007 that "I would like to help an African-American establish a minority art business." (ECF No. 13 at 2–3.) Plaintiffs support their interpretation of this statement as a solicitation of business by claiming that after making this statement, Kathy Tobin "established a new account which added Charles Sims, MD to the account" with a North Carolina address. (*Id.* at 3.)

However, the statement "I would like to help an African-American establish a minority art business" is not on its face a solicitation of business, even if a new account was established

with Defendants for Plaintiff Sims shortly after this communication. Plaintiffs allege in their Complaint that they originally placed their artworks into storage with Defendants in 2004. (ECF No. 1 ¶ 9.) Even construing Plaintiffs' pro se filings liberally, it goes beyond the filings to construct a scenario in which a statement expressing a desire to help, made in 2007 by a vendor who had been providing the services at issue here to Plaintiffs since 2004, was a solicitation of business sufficient to show purposeful availment.

Accordingly, the eight factors usually assessed to determine the purposeful availment prong of the Fourth Circuit's three-prong specific jurisdiction test overwhelmingly support finding that this Court lacks specific jurisdiction over Defendants.

Turning now to Defendant Tobin & Son's Moving and Storage, Inc.'s Internet activities, the Court likewise finds that the *ALS Scan* test is not satisfied here.

Plaintiffs have argued that Defendant Tobin & Sons Moving and Storage, Inc. "advertises directly to the citizen[ry] of North Carolina through the Yahoo platform that they operate in all fifty states including that of North Carolina." (ECF No. 13 at 4.) To support this claim, Plaintiffs have submitted a series of printouts of websites which they have hand-circled portions of for emphasis. (ECF No. 13-4.) The first printout appears to be a results page from a Yahoo search for "tobin and sons movers bekins agent" that has the seventh search result, "Network | Organizations | Bekins Authorized Agent – Tobin & Sons" circled (the fifth and sixth results are also for "Tobin & Sons" and both provide a Beverly, MA location, however, they are not circled). (*Id.* at 2.) The next printout is of a page on a "www.tobinandsons.com" website with a circled advertisement stating that Defendant Tobin & Sons Moving and Storage, Inc. "provide[s] service to all fifty states." (*Id.* at 3.) The third and final printout is of a profile for "Tobin & Sons Moving & Storage, Inc." on the Better

10

Business Bureau website; this profile includes a circled "Serving Area" section that lists the District of Columbia and every state except for Alaska and Hawaii. (*Id.* at 9.)

Construing all Plaintiffs' filings liberally and all allegations in the light most favorable to Plaintiffs, they have failed to allege or otherwise present facts sufficient to establish that Defendants directed their electronic activity into North Carolina with the intent to engage in business with North Carolina in particular. Plaintiffs' argument and website printouts show instead that Defendants directed their electronic activity everywhere, indiscriminately. Moreover, Plaintiffs have also failed to put forward facts sufficient to establish that Defendants' electronic activity could create any of Plaintiffs' North Carolina causes of action.

Accordingly, Plaintiffs have failed to satisfy their burden of demonstrating a prima facie showing that this Court has specific jurisdiction over Defendants.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, (ECF No. 11), pursuant to Rule 12(b)(2) is **GRANTED** and as it relates to Rules 12(b)(3), (5) and (6) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, and the case is terminated.

This, the 5th day of December 2022.

/s/ Loretta C. Biggs
United States District Judge

11